TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
ANIL J. ANTONY (Cal. Bar No. 258839)
Assistant United States Attorney
Deputy Chief, Cyber & Intellectual Property Crimes Section
DEVON MYERS (Cal. Bar No. 240031)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6579/0649
    Facsimile: (213) 894-2927
    E-mail:   anil.j.antony@usdoj.gov
           devon.myers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:19-CR-00380-VAP-3 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JERRY ELO IKOGHO |
| v. | |
| JERRY ELO IKOGHO, aka "J Man," | |
| Defendant. | |

    1.   This constitutes the plea agreement between JERRY ELO IKOGHO, also known as "J Man ("defendant"), and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count 163 of the Indictment in United States v. Jerry Elo Ikogho, Case No. 2:19-CR-00380-VAP-3, which charges defendant with Operating an Unlicensed Money Transmitting Business in violation of 18 U.S.C. §§ 1960(a), (b)(1)(A), (b)(1)(B), (b)(1)(C).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Order of the Chief Judge 20-043 or another order, rule, or statute.  Defendant understands that, under the United States Constitution, the United States Code, and the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to be physically present at these hearings.  Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver.  Specifically, this agreement includes, but is not limited to, the following:

i.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

ii.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

iii. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

e.  Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

f.  Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

g.  Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h.  Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

i.  Defendant agrees that any and all restitution/fine obligations ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

j.  Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

1  Litigation Section at 300 N. Los Angeles St., Suite 7516, Los

2  Angeles, CA 90012.

3        k.  Authorize the USAO to obtain a credit report upon

4  returning a signed copy of this plea agreement.

5        l.  Consent to the USAO inspecting and copying all of

6  defendant's financial documents and financial information held by the

7  United States Probation and Pretrial Services Office.

8     3.  Defendant further agrees:

9        a.  To forfeit all right, title, and interest in and to

10  any and all monies, properties, and/or assets of any kind, derived

11  from or acquired as a result of the illegal activity to which

12  defendant is pleading guilty, specifically including, but not limited

13  to, the following: $29,482.00 in U.S. Currency, seized by law

14  enforcement on August 18, 2019 (the "Forfeitable Property").

15        b.  To the Court's entry of an order of forfeiture at or

16  before sentencing with respect to the Forfeitable Property and to the

17  forfeiture of the property.

18        c.  That the Preliminary Order of Forfeiture shall become

19  final as to the defendant upon entry.

20        d.  To take whatever steps are necessary to pass to the

21  United States clear title to the Forfeitable Property, including,

22  without limitation, the execution of a consent decree of forfeiture

23  and the completing of any other legal documents required for the

24  transfer of title to the United States.

25        e.  Not to contest any administrative forfeiture

26  proceedings or civil judicial proceedings commenced against the

27  Forfeitable Property.  If defendant submitted a claim and/or petition

28  for remission for all or part of the Forfeitable Property on behalf

of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property. Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A).

f.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

g.   Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

h.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

i.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

j.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

k.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture

constitutes an excessive fine or punishment.  Defendant acknowledges that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. §§ 1956(h) (Conspiracy to Engage in Money Laundering); 1349 (Conspiracy to Commit Wire Fraud, Mail Fraud, and Bank Fraud); 1343

(Wire Fraud); 1344 (Bank Fraud); 1956 (Money Laundering); 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity); and 1028A (Aggravated Identity Theft) arising out of: (i) defendant's conduct described in the agreed-to factual basis set forth in paragraph 11 below; and (ii) evidence recovered during search warrants executed on or about August 20 to 22, 2019, in the Central District of California and the District of Massachusetts, in connection with this case. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

<u>NATURE OF THE OFFENSE</u>

5.   Defendant understands that for defendant to be guilty of the crime charged in Count 163, that is, Operating an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. §§ 1960(a), (b)(1)(A), (b)(1)(B), (b)(1)(C), the following must be true: (1) defendant knowingly conducted, controlled, managed, supervised, directed, or owned all or part of a money transmitting business affecting interstate or foreign commerce; and (2)(a) the business was not registered with the State of California where such operation is punishable as a misdemeanor or felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable; (b) the business was not

registered with FinCEN as required under 31 U.S.C. § 5330 or regulations prescribed under that section; or (c) the money transmitting business otherwise involved the transportation or transmission of funds that were known to the defendant to have been derived from a criminal offense or were intended to be used to promote or support unlawful activity.

<u>PENALTIES AND RESTITUTION</u>

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. §§ 1960(a), (b)(1)(A), (b)(1)(B), (b)(1)(C), as charged in the Indictment, is: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with

those counts and charges.  The parties currently believe that the applicable amount of restitution is approximately $413,927.80, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

8.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject

defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning no later than January 2016, and continuing through at least August 18, 2019, defendant provided foreign-currency exchanging services (i.e., money remittance and exchanging services) for persons in the United States who wanted to transfer money to or from Nigeria. In these transactions, defendant used bank accounts opened in his own name -- some of which used the names of fictitious businesses that defendant created -- and bank accounts in the names of other persons. These included bank accounts that defendant himself opened using the business names "D&H Sales LLC," "Sweet Surrender Investments and Consulting LLC," "Efezino Investment and Sales LLC," "Global Option

Care Inc.," and "Envision Home Health Services Inc."  The bank accounts of other persons that defendant used included bank accounts using the business names "Griffin's Plumbing and Construction Inc.," "JR Plumbing LLC," "Fester Global," and "Friar SA."

Defendant provided money exchange and remittance services despite not being registered as a money transmitting business with the State of California or FinCEN during the dates identified above. (That failure to register as a money transmitting business was a crime in the State of California).  In 2016 and 2017, for example, defendant received into bank accounts, which he had opened in the Los Angeles area, at least $4,484,324.66 as part of his money exchange and remittance services.

Defendant also provided money exchanging services to other persons ("coconspirators") who he knew engaged in criminal offenses and obtained funds from criminal offenses.  Defendant, nevertheless, exchanged money for these persons knowing that the funds were likely the proceeds of criminal offenses.  Specifically, defendant agreed to receive funds from coconspirators, which funds represented the proceeds of wire fraud.  The coconspirators targeted numerous victims, including persons and companies, and laundered and/or attempted to launder funds obtained from them.  Defendant understood that the coconspirators perpetrating the fraudulent schemes were largely located overseas, which is why U.S.-based conspirators required his money remittance and exchanging services.

The victims of the conspiracy included the victims identified in the Indictment as Victim Company 9, Victim Company 11, the Victim Solicitor Firm, and Victim Company 14.  After a coconspirator obtained funds from a victim through a fraudulent scheme, such as a

business email compromise ("BEC") fraud, defendant would serve as a money exchanger for the conspiracy.  (BEC frauds typically involved a hacker gaining unauthorized access to a business email account, and attempting to trick a victim into making an unauthorized wire transfer.)  Defendant would accept funds from coconspirators as cash, cashier's checks, and wire transfers into U.S. bank accounts, or, at defendant's instruction, the coconspirator would wire transfer the funds to an overseas bank account, which sometimes was in Hong Kong. Defendant would then use a Nigerian banking application to transfer other funds in Naira, the currency of Nigeria (₦), from his own Nigerian bank account or another person's Nigerian bank account to a Nigerian bank account specified by a coconspirator.  In this way, defendant enabled the coconspirators to make payments to Nigerian coconspirators without directly transferring funds to Nigeria.

For example, in messaging conversations between defendant and co-defendant Valentine Iro (1), between approximately March 30, 2017 and July 18, 2017, defendant conducted transactions of approximately $557,183.37 for co-defendant Iro and sent co-defendant Iro electronic messages confirming those transactions -- the majority of which were transactions conducted in Nigerian Naira.  Prior to accepting transactions that he believed were likely fraud proceeds, defendant would confirm with co-defendant Iro that co-defendant Iro had "cleaned" the funds.

Defendant would receive a percentage of the funds that he exchanged in return for the money remittance and exchanging services he provided.

Defendant worked with coconspirators to launder funds obtained from the victims identified above, and defendant admits that it was

12

reasonably foreseeable that the schemes intended to defraud these victims of funds.

SENTENCING FACTORS

12.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Underlying Offense Level: | 7 | [U.S.S.G. §§ 2S1.1(a)(1), 2B1.1(a)(1)] |
| Value of transacted funds more than $3,500,000 and less than $9,500,000 | +18 | [U.S.S.G. § 2S1.1(a)(1) and § 2B1.1(b)(1)(J)] |
| Fraud scheme outside the U.S. | +2 | [U.S.S.G. § 2B1.1(b)(10)(B)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

14.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13

15.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

1

## WAIVER OF RETURN OF DIGITAL DATA

2          17.   Understanding that the government has in its possession

3    digital devices and/or digital media seized from defendant, defendant

4    waives any right to the return of digital data contained on those

5    digital devices and/or digital media and agrees that if any of these

6    digital devices and/or digital media are returned to defendant, the

7    government may delete all digital data from those digital devices

8    and/or digital media before they are returned to defendant.

9

## WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

10         18.   Defendant understands that, with the exception of an appeal

11   based on a claim that defendant's guilty plea was involuntary, by

12   pleading guilty defendant is waiving and giving up any right to

13   appeal defendant's conviction on the offense to which defendant is

14   pleading guilty.  Defendant understands that this waiver includes,

15   but is not limited to, arguments that the statute to which defendant

16   is pleading guilty is unconstitutional, and any and all claims that

17   the statement of facts provided herein is insufficient to support

18   defendant's plea of guilty.

19         19.   Defendant also gives up any right to bring a post-

20   conviction collateral attack on the conviction or sentence, except a

21   post-conviction collateral attack based on a claim of ineffective

22   assistance of counsel, a claim of newly discovered evidence, or an

23   explicitly retroactive change in the applicable Sentencing

24   Guidelines, sentencing statutes, or statutes of conviction.

25   Defendant understands that this waiver includes, but is not limited

26   to, arguments that the statute to which defendant is pleading guilty

27   is unconstitutional, and any and all claims that the statement of

28

facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than the statutory maximum specified above, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $413,927.80; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; and the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d).

21.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 51 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: the amount of restitution ordered if that amount is less than $413,927.80.

16

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

24.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

25.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant

17

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action

1  against defendant, and defendant waives and gives up any claim under

2  the United States Constitution, any statute, Rule 410 of the Federal

3  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

4  Procedure, or any other federal rule, that the statements or any

5  evidence derived from the statements should be suppressed or are

6  inadmissible.

7  COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

8  OFFICE NOT PARTIES

9      27.  Defendant understands that the Court and the United States

10 Probation and Pretrial Services Office are not parties to this

11 agreement and need not accept any of the USAO's sentencing

12 recommendations or the parties' agreements to facts or sentencing

13 factors.

14     28.  Defendant understands that both defendant and the USAO are

15 free to: (a) supplement the facts by supplying relevant information

16 to the United States Probation and Pretrial Services Office and the

17 Court, (b) correct any and all factual misstatements relating to the

18 Court's Sentencing Guidelines calculations and determination of

19 sentence, and (c) argue on appeal and collateral review that the

20 Court's Sentencing Guidelines calculations and the sentence it

21 chooses to impose are not error, although each party agrees to

22 maintain its view that the calculations in paragraph 13 are

23 consistent with the facts of this case.  While this paragraph permits

24 both the USAO and defendant to submit full and complete factual

25 information to the United States Probation and Pretrial Services

26 Office and the Court, even if that factual information may be viewed

27 as inconsistent with the facts agreed to in this agreement, this

28

paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.   Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

30.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

1        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        31.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKISON
     Acting United States Attorney

9

10   _____        April 30, 2021
     ANIL J. ANTONY                          _____
11   DEVON A. MYERS                          Date
     Assistant United States Attorney

12

13   _____        04/29/21
     JERRY ELO IKOGHO                        _____
     Defendant                              Date
14

15   _____        4/29/21
     GREGORY NICOLAYSEN                      _____
     Attorney for Defendant                  Date
16   JERRY ELO IKOGHO

17

18

19              CERTIFICATION OF DEFENDANT

20       I understand, read, and comprehend English, and I have read this

21   agreement in its entirety.  I have had enough time to review and

22   consider this agreement, and I have carefully and thoroughly

23   discussed every part of it with my attorney.  I understand the terms

24   of this agreement, and I voluntarily agree to those terms.  I have

25   discussed the evidence with my attorney, and my attorney has advised

26   me of my rights, of possible pretrial motions that might be filed, of

27   possible defenses that might be asserted either prior to or at trial,

28   of the sentencing factors set forth in 18 U.S.C. § 3553(a), of

                              21

1  relevant Sentencing Guidelines provisions, and of the consequences of
2  entering into this agreement.  No promises, inducements, or
3  representations of any kind have been made to me other than those
4  contained in this agreement.  No one has threatened or forced me in
5  any way to enter into this agreement.  I am satisfied with the
6  representation of my attorney in this matter, and I am pleading
7  guilty because I am guilty of the charge and wish to take advantage
8  of the promises set forth in this agreement, and not for any other
9  reason.

10
11  JERRY ELO IKOGHO                          04/29/21
    Defendant                                 Date
12

13

14              CERTIFICATION OF DEFENDANT'S ATTORNEY

15      I am JERRY ELO IKOGHO's attorney.  I have carefully and
16  thoroughly discussed every part of this agreement with my client.
17  Further, I have fully advised my client of his rights, of possible
18  pretrial motions that might be filed, of possible defenses that might
19  be asserted either prior to or at trial, of the sentencing factors
20  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
21  provisions, and of the consequences of entering into this agreement.
22  To my knowledge: no promises, inducements, or representations of any
23  kind have been made to my client other than those contained in this
24  agreement; no one has threatened or forced my client in any way to
25  enter into this agreement; my client's decision to enter into this
26  agreement is an informed and voluntary one; and the factual basis set
27  //
28  //

                                22

1  forth in this agreement is sufficient to support my client's entry of

2  a guilty plea pursuant to this agreement.

3

4  GREGORY NICOLAYSEN                          Date 4/29/2021
   Attorney for Defendant
5  JERRY ELO IKOGHO

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28